**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **FILBERT C. VIALPANDO**; ) | |
| ) | |
| *Plaintiff*; ) | |
| ) | |
| *v.* ) | Civil No. _____ |
| ) | |
| **CHEVRON MINING, INC.**; ) | |
| ) | |
| *Defendant*. ) | |

**COMPLAINT**

1. The Plaintiff, Filbert C. Vialpando, brings this action to enforce payment of additional compensation and interest imposed by law. The additional compensation and interest arise from the late payment by defendant Chevron Mining, Inc. ("the Defendant") of monthly monetary benefits awarded under the Black Lung Benefits Act, 30 U.S.C. §§ 901–44.

2. Federal law imposes the Defendant's liability for additional compensation. *See* Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 914(f), *incorporated by reference into* the Black Lung Benefits Act, 30 U.S.C. § 932(a); 20 C.F.R. § 725.607.

3. Federal law also imposes the Defendant's liability for interest. 30 U.S.C. § 932(d); 20 C.F.R. § 725.608.

**JURISDICTION AND VENUE**

4. The Plaintiff, Filbert C. Vialpando, worked as a coal miner in New Mexico for the Defendant, Chevron Mining. The injury occurred in New Mexico, in this judicial district.

5. The Court has jurisdiction under 33 U.S.C. § 921(d), *incorporated by reference into* 30 U.S.C. § 932(a), and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

7. The Plaintiff, Filbert C. Vialpando, is a natural person residing at 13 Long Rd., Raton, New Mexico, 87440.

8. The Defendant, Chevron Mining, is a corporation organized in Missouri that was doing business in New Mexico.  The Defendant's mailing address and principal office is 6001 Bollinger Canyon Rd., San Ramon, CA 94583.  Its principal place of business in this district is 125 E Marcy St., Suite 101, Santa Fe, NM 87501.  Its registered agent is CSC of Lea County, Inc., 1819 Turner St., Suite. G, Hobbs, NM 88240.  Its third party administrator for federal black lung claims like this one is Broadspire (Crawford), 6001 Indian School Rd., Suite 410, Albuquerque, NM 87710.

## STATEMENT OF FACTS

9. The Plaintiff, Filbert C. Vialpando, worked for the Defendant, Chevron Mining.

10. Mr. Vialpando filed a claim for benefits under the Black Lung Benefits Act with the U.S. Department of Labor that was received in February 2011.

11. The Director of the Office of Workers' Compensation Programs ("Director, OWCP"), U.S. Department of Labor, administers the Black Lung Benefits Act.

12. The Director, OWCP's District Director's office found on February 1, 2012 that Mr. Vialpando was entitled to black lung benefits going back to February 2011 when he filed his claim.  The District Director found Chevron Mining responsible for payment.

13. That decision informed the Defendant of the potential that it could be required to pay Mr.

Vialpando 20% additional compensation. It provided that if payments were not timely, "20% of the total compensation award will be due the claimant, in accordance with Section 14(f) of the Longshore and Harbor Workers' Compensation Act (LHWCA), as incorporated by Section 422(a) of the Black Lung Benefits Act, and 20 C.F.R. 725.607." It also contemplated the present action:

> Once a final award has been issued (an award becomes final if no party files a timely request for revision or appeal) the claimant may apply for enforcement of any interest and/or penalty due from the operator, if the operator failed to make timely payment of compensation, as specified above. . . .
>
> To apply for enforcement of interest and/or penalty, the beneficiary must file suit in the Federal District Court for the district in which the injury occurred (typically, the district in which the miner's last coal mine employment took place).

14. The Defendant then sought a formal hearing before an administrative law judge ("ALJ").

15. Although the District Director ordered the Defendant to begin payment of Mr. Vialpando's benefits—and provided a calculation of the benefits owed[1]—the Defendant did not pay Mr. Vialpando's benefits. As a result, the U.S. Department of Labor's Black Lung Disability Trust Fund—which is administered by the Director, OWCP—stepped in and made interim payments to Mr. Vialpando beginning in February 2012. (The Trust Fund does not pay past-due benefits in these circumstances.)

16. On June 7, 2016, the ALJ awarded benefits to Mr. Vialpando going back to February 2011, the same date that the District Director had previously calculated benefits for.

---

[1] The statute sets monthly monetary benefits as 37.5% of the base salary of a federal employee at level GS-2, step 1, increased by 50% to account for Mr. Vialpando's dependent spouse. *See* 30 U.S.C. § 922. In 2011 and 2012, this equated to $938.30 per month.

[2] This amount does not include interest on the $78,041.3 in past-due benefits. This

17. The ALJ's decision and order was received by the District Director on June 20, 2016.

18. On July 6, 2016, the Defendant appealed the ALJ's order to the U.S. Department of Labor's Benefits Review Board.

19. The Defendant did not pay Mr. Vialpando's benefits while its appeal was pending even though it did not seek or receive a stay of the ALJ's order pending appeal.

20. The Benefits Review Board affirmed the ALJ's award of benefits on July 12, 2017.

21. The Defendant did not seek further review of Mr. Vialpando's award, although it could have petitioned the U.S. Court of Appeals.

22. On December 27, 2017, the District Director's office issued the Defendant a final calculation of benefits owed regarding Mr. Vialpando's claim. The pay order instructed the Defendant to pay Mr. Vialpando $11,259.60 for past-due benefits for the period from February 2011 to January 2012. It also instructed the Defendant to repay the Trust Fund for, among other things, $66,781.70 in interim payments that the Trust Fund made to Mr. Vialpando for the period from February 2012 to November 2017. Accordingly, the total amount of monthly benefits that the Defendant had not paid was $78,041.30.[2] The Defendant paid Mr. Vialpando and the Trust Fund within 30 days of the December 27, 2017 letter and began making monthly payments to Mr. Vialpando.

---

[2] This amount does not include interest on the $78,041.3 in past-due benefits. This interest should be calculated soon by the District Director who will order the Defendant to pay it. If it isn't, Mr. Vialpando reserves the right to amend this Complaint to include an action for it.

## CAUSES OF ACTION

*First Cause of Action - 20% Additional Compensation*

The Plaintiff incorporates and realleges ¶¶ 1–22 by reference.

23. As noted above, after the ALJ's award of benefits to Mr. Vialpando, the Defendant did not pay benefits until many months after the award was affirmed on appeal.

24. If benefits "are not paid by an operator or other employer ordered to make such payments within 10 days after such payments become due, there shall be added to such unpaid benefits an amount equal to 20 percent thereof." 20 C.F.R. § 725.607(a); *see also* 33 U.S.C. § 914(f), *incorporated by reference into* 30 U.S.C. § 932(a).

25. From July 2016 until January 2018, the defendant did not pay Mr. Vialpando his benefits within 10 days of being due. These benefits included past due benefits for the period from February 2011 to June 2016.

26. As calculated by the District Director's office in its December 2017 letter, the total amount of benefits payable to Mr. Vialpando during this period was $78,041.30.

27. The 20% additional compensation that Mr. Vialpando is entitled to is therefore $15,608.26, which is 20% of $78,041.30.

28. The fact that the Trust Fund made interim payments to Mr. Vialpando while his case was pending does not affect the Defendant's responsibility to pay the 20% additional compensation. As 20 C.F.R. § 725.607(b) provides, if "benefit payments are made by the fund, the eligible claimant shall nevertheless be entitled to receive such additional compensation to which he or she may be eligible under paragraph (a) of this section, which respect to all amounts

paid by the fund on behalf of such operator."

*Second Cause of Action - Interest Due on Additional Compensation*

The Plaintiff incorporates and realleges ¶¶ 1–28 by reference.

29. The Defendant owes Mr. Vialpando interest on the additional compensation that has been owed but not paid.

30. The Defendant owes interest at the rate provided by 26 U.S.C. § 6621 running from the date that the right to each month's 20% interest first arose.  *See* 20 C.F.R. § 725.608(a)(3).

31. The Defendant thus owes interest to be calculated on the date of entry of judgment by this Court upon the $15,608.26 in additional compensation as it grew month by month, and continuing until the judgment is paid.

## Prayer for Relief

WHEREFORE, the Plaintiff requests the following relief from this Court:

1. Judgment to Filbert C. Vialpando in the amount of $15,608.26, plus continuing interest until the judgment is paid;

2. Reimbursement to the Plaintiff for the costs of this litigation;

3. An award of attorneys' fees for legal services required in connection with this action; and

4. Any and all other relief to which the Plaintiff may be entitled;

Respectfully submitted,

/s/
EVAN B. SMITH (Ky. #95243)
*pro hac vice motion forthcoming*
APPALACHIAN CITIZENS' LAW CENTER
317 Main Street
Whitesburg, Kentucky 41858

        (606) 633-3929
        evan@appalachianlawcenter.org

/s/ _____
KAREN GROHMAN
HENDERSON & GROHMAN, PC
PO Box 7895
Albuquerque, NM 87194
(505) 738-3507
kfg@hglegalgroup.com
*Attorneys for Filbert C. Vialpando*

## CERTIFICATE OF SERVICE

     I certify that I served the following using email on this 15th day of March, 2018. In addition a hard copy will be sent via USPS certified mail on the 16th day of March, 2018.

Timothy S. Hale, Esq.
HALE & DIXON, P.C.
1010 Tijeras Avenue, N.W.
Albuquerque, NM  87102
thale@hdnmlaw.com


/s/ _____
EVAN B. SMITH (Ky. #95243)