# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

_____

FILBERT C. VIALPANDO,

    Plaintiff,

v.

CHEVRON MINING, INC.,

    Defendant.

No. 1:18-cv-00251-BRB-SCY

_____

# ORDER DENYING PLAINTIFF'S RULE 59 MOTION TO ALTER OR AMEND JUDGMENT
_____

This matter is before the Court on Plaintiff's "Rule 59 Motion to Alter or Amend." Docket No. 21. In the motion, Plaintiff asks the Court to alter or amend its grant of partial summary judgment in favor of Defendant regarding the lump-sum reimbursement. Docket No. 19. In its Order on Cross-Motions for Summary Judgment, the Court held Plaintiff is not entitled to additional compensation for the lump-sum reimbursement payments because the reimbursement payment did not become due until the District Director issued a final calculation of benefits on December 27, 2017 and Defendant timely paid the lump-sum once it became due. Docket No. 19 at 10−11; *see* 20 C.F.R. § 725.502(b)(2) (benefits are not due—and therefore additional compensation cannot begin to accrue—until the District Director issues a computation of benefits following the issuance of an effective award). Plaintiff first contends the Court should not "mechanically adher[e]" to the language in 20

C.F.R. § 725.502(b)(2) and, instead, employ a "flexible approach." Doc. No. 21 at 6. In the alternative, Plaintiff argues 20 C.F.R. § 725.502(b)(2) is unconstitutional as applied to him. Defendant responds that Plaintiff raises new arguments and that the Court should deny Plaintiff's motion. Docket No. 22.

Under Rule 59(e), a party may ask a district court to reconsider a summary judgment ruling when the district court has "misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Grounds warranting a Rule 59(e) motion include, "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012. Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *FDIC v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).

Plaintiff claims the Court should interpret 20 C.F.R. § 725.502(b)(2) flexibly to comport with the purpose of the additional compensation penalty within the regulatory scheme.[1] Plaintiff—for the first time in his Rule 59 motion—attempts to assert this new

---

[1] The purpose of the additional compensation provision is "to ensure prompt compliance by an employer with its benefits obligations under the terms of an award, and without regard to further proceedings involving the claim." *Regulations Implementing the Federal Coal Mine Health and Safety Act of 1969*, 64 Fed. Reg. 54,966, 55,000 (Oct. 8, 1999)).

2

argument that should have been raised in his motion for summary judgment. An opportunity to raise new arguments is not the purpose of a Rule 59 motion. *See Servants of Paraclete*, 204 F.3d at 1012 ("It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Accordingly, the Court will not consider Plaintiff's argument that the Court should employ a flexible approach when interpreting 20 C.F.R. § 725.502(b)(2).

Even if the Court were to consider Plaintiff's new argument, he still has not shown any basis to vacate the entry of judgment in favor of Defendant regarding the lump-sum reimbursement payment. Plaintiff does not contend the Court misapprehended the facts, his position, or the controlling law. *See Barber*, 562 F.3d at 1228. Instead, without citing authority, Plaintiff argues 20 C.F.R. § 725.502(b)(2) "must be read to ensure that the District Director's inaction does not undermine the purpose of the 20% additional compensation provision and so that Plaintiff is not deprived of $13,000 due to a federal official's failure to perform her duty." Docket No. 21 at 5. While the Court is sympathetic to Plaintiff's argument because the District Director's failure was not Plaintiff's fault, the Court is nevertheless bound by the language of the regulation. Plainly, under 20 C.F.R. § 725.502(b)(2) lump-sum reimbursement payments "shall be due on the thirtieth day following issuance of the district director's computation." 20 C.F.R. § 725.502(b)(2). Because Defendant timely paid the lump-sum reimbursement payment within thirty days of the District Director's December 27, 2017 letter computing Plaintiff's benefits, additional compensation never began to accrue on the lump-sum. Consequently, Plaintiff

3

is not entitled to additional compensation and interest on the lump-sum reimbursement payment.

In the alternative, Plaintiff claims 20 C.F.R. § 725.502(b)(2) is unconstitutional as applied to Plaintiff in this case. Docket No. 21 at 8. Plaintiff raises this issue for the first time in his Rule 59 motion. As discussed, such motions cannot be used to "advance arguments that could have been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012. Accordingly, the Court will not consider Plaintiff's new argument.

After a thorough review of Plaintiff's Rule 59 Motion, Defendant's response, and Plaintiff's reply, Plaintiff's Rule 59 motion is DENIED.

Entered for the Court
this 21st day of December, 2018.

\s\ Bobby R. Baldock
Bobby R. Baldock
United States Circuit Judge
Sitting By Designation