IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILBERT C. VIALPANDO,

        Plaintiff,

v.                                                                   No. 1:18-cv-00251-BRB-JHR

CHEVRON MINING INC.,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION AS TO THE AMOUNT OF ATTORNEYS' FEES AND COSTS TO BE AWARDED

This matter comes before the Court on Plaintiff's *Motion for Award of Attorneys' Fees and Costs* [Doc. 26] filed on January 21, 2019. On February 12, 2019, United States Circuit Judge Bobby R. Baldock granted Plaintiff's motion and referred the matter to U.S. Magistrate Judge Jerry H. Ritter for a Report and Recommendation as to the amount of fees and costs to be awarded. [Doc. 32]. Having reviewed the parties' submissions and controlling law, the undersigned presents these proposed findings and recommends, subject to consideration of the parties' objections if any, that the Court award Plaintiff $13,620.88 in attorneys' fees and costs.

**I.    BACKGROUND**

Plaintiff Filbert Vialpando worked for Chevron Mining, Inc. at the York Canyon coal mine in New Mexico for nearly 29 years. [Doc. 19, p. 2]. Plaintiff contracted pneumoconiosis, a disease commonly known as "black lung." [*Id.*]. In February 2011, Plaintiff filed a claim for benefits with the U.S. Department of Labor Office of Workers' Compensation Programs (OWCP) under the Black Lung Benefits Act (BLBA) 30 U.S.C. §§ 901-944. [*Id.*]. The Director of the OWCP issued

a Proposed Decision and Order awarding Plaintiff $12,197.90 in back dated benefits and continued monthly payments of $938.30. [*Id.*].

Chevron declined to pay any benefits while it sought a formal hearing before an administrative law judge (ALJ) and a subsequent appeal of the ALJ's Decision and Order awarding benefits to the U.S. Department of Labor's Benefits Review Board (BRB). [*Id.*, pp. 3-4]. In July 2017, the BRB affirmed the ALJ's Decision and Order Awarding Benefits. [*Id.*, p. 4]. Plaintiff brought this action to enforce payment of additional compensation and interest arising from Chevron's alleged late payment of benefits awarded under the BLBA from February 2011 to December 2017. [Doc. 1, p. 1; Doc. 19, p. 5].

The parties each filed motions for summary judgment on the issue of whether Plaintiff was entitled to twenty percent additional compensation and interest on Chevron's allegedly untimely payments of the lump sum and monthly benefits awarded. [Doc. 11; Doc. 15]. The Court found that Chevron's payment of the lump sum benefit was timely, but its payment of monthly benefit payments was not. [Doc. 19, pp. 11-13]. Accordingly, the Court held, pursuant to 30 U.S.C. § 932 (a) and (d), 33 U.S.C. § 914(f), and 20 C.F.R. §§ 725.607-.608 (2016), that Plaintiff was only entitled to additional compensation and interest on the untimely monthly benefit payments. [Doc. 19, pp. 11-13].

Pursuant to 30 U.S.C. § 932(a), 33 U.S.C. § 928, and 20 C.F.R. 725.366-.367, Plaintiff moved for an award of attorneys' fees and costs relative to the pursuit of the additional compensation and interest awarded in this action. [Doc. 26]. The Court granted the Motion and referred the matter to U.S. Magistrate Judge Jerry H. Ritter to determine the amount of attorneys' fees and costs to be awarded. [Doc. 32].

## II. LEGAL STANDARDS

Under 20 C.F.R. § 725.366(b), attorneys' fees awarded must be "reasonably commensurate with the necessary work done" and must take into account several factors, including, "the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested." The party seeking attorneys' fees has the burden of proving that the rate claimed and the hours worked are reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Successful claimants under the BLBA may also seek compensation for the services of support staff such as law clerks and paralegals. *See* 20 C.F.R. § 725.366(a); 20 C.F.R. § 802.203(d)(2); *see also Missouri v. Jenkins,* 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989) (noting the "self-evident proposition that the 'reasonable attorney's fee' provided for by statute [under 42 U.S.C. § 1988] should compensate the work of paralegals, as well as that of attorneys"). The rate awarded for such services "shall be based on what is reasonable and customary in the area where the services were rendered for a person of that particular professional status." 20 C.F.R. § 802.203(d)(4). The party seeking fees must justify the hourly rates requested for litigation support staff. *See Role Models Am., Inc. v. Brownlee,* 353 F.3d 962, 969-70 (D.C. Cir. 2004).

## III. ANALYSIS

**A. The Law Regarding Attorneys' Fees**

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.

1998). The lodestar is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assoc.*, LLC, 616 F.3d 1098, 1102 (10th Cir. 2010) (quoting *Hensley*, 461 U.S. at 433). The party requesting attorney fees bears the burden of proving the two components used to calculate the fee award: (1) the appropriate hourly rate and (2) the amount of hours spent on the case. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281.

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006)). The party seeking to fees must provide the district court with sufficient information to evaluate prevailing market rates. *See Id.* at 1225. That party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255-56 (10th Cir. 1998); *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) ("The hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation."), *overruled in part on other grounds, Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

"The determination of a traditional market rate is especially problematic in the context of claims brought under the BLBA" in light of its "general prohibition of fee agreements between counsel and prospective claimants." *E. Associated Coal Corp. v. Dir., Office of Workers' Comp. Programs*, 724 F.3d 561, 571-72 (4th Cir. 2013); *see* 33 U.S.C. § 928(e); 20 C.F.R. § 802.203(f);

4

*Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010) (observing that "[t]he highly regulated markets governed by fee-shifting statutes are undoubtedly constrained and atypical"). For this reason, in determining the market rate for attorneys' fees in BLBA cases, courts may consider rates deemed reasonable in prior BLBA cases. *See B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008) (recognizing that rates from prior BLBA cases can provide inferential evidence of what the market rate is).

The party seeking fees "should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 434. The court may adjust the lodestar figure to reflect various factors, including the degree of success obtained, the significance of the legal issues involved, and the public interest advanced by the litigation. *See Farrar v. Hobby*, 506 U.S. 103, 120-22 (1992). After the lodestar amount is calculated the court or agency adjudicator may adjust that figure based on consideration of other factors. *See Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989). In that regard, the Department of Labor has provided regulatory guidance on considerations relevant to the determination of an award of attorneys' fees in black lung benefits cases. *See generally* 20 C.F.R. §§ 725.366-.367.

Under 20 C.F.R. § 725.366(b), "[a]ny fee approved...shall be reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested." The Court considers the factors set forth in 20 C.F.R. § 725.366(b) in conjunction with the lodestar analysis. To the extent that any of the factors set forth in 20 C.F.R. § 725.366(b) is incorporated into the lodestar analysis, the Court does not consider that factor a second time as such double-

counting would distort the proper weight to be accorded those factors. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

    **A. The Fee Award Sought by Plaintiff Relative to His Claim for Additional Compensation and Interest Under the BLBA is Reasonable Under the Applicable Analyses**

In this case, Plaintiff seeks a total of $13,620.88 in attorneys' fees and costs for the work performed on this matter by his attorneys at the Appalachian Citizens' Law Center in Kentucky and by local counsel, Friedman Boyd Hollander Goldberg Urias & Ward, P.A. [Doc. 26, p. 1].

The fees and costs sought for the Appalachian Citizens' Law Center total $9,958.38 for 31.50 hours of attorney time at $275 per hour, 6.7 hours of law student time at $100 per hour, and $525.88 in costs. [Doc. 26, p. 1]. The fees sought for local counsel, Friedman Boyd Hollander Goldberg Urias & Ward, P.A. total $3762.50 for 14.6 hours of attorney time at $250 per hour and .9 hour of paralegal time at $150 per hour. [Doc. 26, p. 1].

Plaintiff notes that recent fee awards in black lung benefits cases before the United States Courts of Appeals for the Fourth, Sixth, and Tenth Circuits have been made at rates ranging from $275 to $425 per hour for attorney time and $100 to $125 per hour for paralegal or legal assistant time. *See Westmoreland Coal Co. v. Director, OWCP*, No. 17-1996 (4th Cir. May 23, 2018); *West Virginia CWP Fund v. Bender*, No. 12-2034 (4th Cir. June 8, 2015); *Island Fork Constr. v. Bowling*, No. 16-4319 (6th Cir. Jan. 2, 2018); *Grayson Stone & Coal Co.*, No. 16-4142 (6th Cir. Nov. 29, 2017); *Appleton & Ratliff Coal Corp. v. Ratliff*, No. 15-4255 (6th Cir. April 19, 2017); *Island Creek Coal Co. v. Marcum*, No. 15-4301 (6th Cir. Jan. 9, 2017); *Spring Creek Coal Co. v. McLean*, No. 17-9515 (10th Cir. Mar. 6, 2018).

6

Plaintiff also provides fee awards in approximately 97 black lung benefits cases litigated by the Appalachian Citizens' Law Center.[1] [Doc. 26-1, pp. 2-4]. This volume of awards establishes that between 2014 and 2015, working with the Appalachian Citizens' Law Center, Plaintiff's counsel Evan B. Smith was routinely awarded fees for his work on cases involving black lung benefits claims at a rate of $225 per hour. After 2015, Mr. Smith was routinely awarded fees in such cases at a rate of $250 per hour. In 2017 and 2018, Mr. Smith was routinely awarded fees at a rate of $275 per hour. [Doc. 26-1]. Plaintiff further notes that the both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have awarded fees at the rate of $100 per hour in black lung benefits cases for the same law students whose time is billed at $100 per hour in this case.

In light of Mr. Evan's experience litigation black lungs benefits claims and the general litigation experience of Karen Grohman of Friedman Boyd Hollander Goldberg Urias & Ward, P.A. the requested rates of $275 per hour and $250 per hour respectively for attorney time billed are reasonable. *See O Centro Espirita Beneficente Uniao Do Vegetal in the United States v. Duke*, ___ F. Supp. 3d ___, No. 17-cv-1137, 2018 WL 5314943, at *22-23 (D.N.M. Oct. 25, 2018) (discussing market rates in New Mexico for attorney and paralegal time and awarding fees at the rates of $350 per hour to the attorneys. Likewise, the $125 per hour for paralegal time and $100 per hour for law student time were reasonable. *See id.* (awarding fees to the two paralegals whose time was at issue in that case at the rates of $125 and $150 per hour respectively).

Both the Appalachian Citizens' Law Center and Friedman Boyd Hollander Goldberg Urias & Ward, P.A. submitted itemized and complete billing statements in support of the fee award

---

[1] The example fee awards are not attached to Plaintiff's Motion due to their volume. However, they are accessible at https://bit.ly/2RXi4KY, a link provided in Mr. Smith's declaration.[Doc. 26-1, p. 4].

sought. The 31.50 hours of attorney time and 6.7 hours of law student time billed by the Appalachian Citizens' Law Center and the 14.6 hours of attorney time and .9 hour of paralegal time[2] reflected in each itemized statement is reasonable for the work performed in this case. Further, the costs sought by Plaintiff in the amount of $525.88 are reasonable as they represent the minimum cost of the court filing fee and the fees related to *pro hoc vice* admission of the Appalachian Citizens' Law Center. [Doc. 26-1, p. 12].

## B. CONCLUSION

Having reviewed Plaintiff's *Motion for Award of Attorneys' Fees and Costs* [Doc. 26], counsel's declarations and itemized billing statements, and the evidence of market rates for attorneys' fees in black lung benefits litigation and in New Mexico generally, and noting that Defendant does not oppose the amount of fees and costs sought, the undersigned recommends that Plaintiff be awarded a total of $13,620.88 in attorneys' fees and costs for the work performed on this matter by his attorneys. It is further recommended that the fee award be paid separately; $9,958.38 to the Appalachian Citizens' Law Center and $3,762.50 to Friedman Boyd Hollander Goldberg Urias & Ward, P.A. as requested by Plaintiff. [Doc. 26, p. 8].

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

---

[2] Ms. Grohman states in her declaration in support of her fees requested that she did not have a paralegal assist her with this case. [Doc. 26-2, p. 2] Accordingly, she discounted her rate for the .9 hour she spent performing tasks that could have been delegated to a paralegal if she'd had the benefit of such assistance. [*Id*.].

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
>
> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**