IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILBERT C. VIALPANDO,

        Plaintiff,

v.                                                    No. 1:18-cv-00251-BRB-JHR

CHEVRON MINING INC.,

        Defendant.

## MAGISTRATE JUDGE'S SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATION AS TO THE AMOUNT OF ATTORNEYS' FEES AND COSTS TO BE AWARDED

This matter comes before the Court on Plaintiff's *Motion for Award of Attorneys' Fees and Costs* [Doc. 26] filed on January 21, 2019 and *Plaintiff's Response to Magistrate Judge's Proposed Findings and Recommendation as to the Amount of Attorneys' Fees and Costs to be Awarded* [Doc. 34]. On February 12, 2019, United States Circuit Judge Bobby R. Baldock granted Plaintiff's motion and referred the matter to U.S. Magistrate Judge Jerry H. Ritter for a Report and Recommendation as to the amount of fees and costs to be awarded. [Doc. 32]. The *Magistrate Judge's Proposed Findings and Recommendation as to the Amount of Attorneys' Fees and Costs to be Awarded* (PFRD) was filed June 3, 2019. [Doc. 33]. As Plaintiff notes in his Response, his request for the attorneys' fees incurred in defending his *Motion for Award of Attorneys' Fees and Costs* was not addressed in the initial PFRD. [Doc. 26]. [Doc. 34]. Having reviewed the submissions and controlling law, the undersigned presents these proposed findings and recommends, subject to consideration of the parties' objections if any, that the Court award Plaintiff an additional $962.50 in attorneys' fees.

I.  **BACKGROUND**

Plaintiff Filbert Vialpando worked for Chevron Mining, Inc. at the York Canyon coal mine in New Mexico for nearly 29 years. [Doc. 19, p. 2]. Plaintiff contracted pneumoconiosis, a disease commonly known as "black lung" and subsequently filed a claim for benefits with the U.S. Department of Labor Office of Workers' Compensation Programs (OWCP) under the Black Lung Benefits Act (BLBA) 30 U.S.C. §§ 901-944. [*Id.*]. Plaintiff was awarded $12,197.90 in back dated benefits and continued monthly payments of $938.30. [*Id.*].

Chevron declined to pay any benefits while it sought a formal hearing before an administrative law judge (ALJ) and a subsequent appeal of the ALJ's Decision and Order awarding benefits to the U.S. Department of Labor's Benefits Review Board (BRB). [*Id.*, pp. 3-4]. In July 2017, the BRB affirmed the ALJ's Decision and Order Awarding Benefits. [*Id.*, p. 4]. Plaintiff brought this action to enforce payment of additional compensation and interest arising from Chevron's alleged late payment of benefits awarded under the BLBA from February 2011 to December 2017. [Doc. 1, p. 1; Doc. 19, p. 5].

The Court held that Plaintiff was entitled to additional compensation and interest on the monthly benefit payments, which were untimely. [Doc. 19, pp. 11-13]. The Court also granted Plaintiff's *Motion for Award of Attorneys' Fees and Costs* [Doc. 26] and the matter was referred to U.S. Magistrate Judge Jerry H. Ritter to determine the amount of attorneys' fees and costs to be awarded. [Doc. 32]. On June 3, 2019, the PFRD was filed recommending that the Court award Plaintiff the $13,620.88 in attorneys' fees and costs requested in his Motion. [Doc. 33, p. 1, 8]. Plaintiff's request for attorneys' fees for preparing his *Reply in Support of Award of Attorneys' Fees and Costs* [Doc. 29], which was made in the Reply itself, was not addressed in the initial

PFRD. [Doc. 33]. In order to give the parties an opportunity to object to the proposed findings and recommendation as to this request, it is addressed in this supplement to the initial PFRD.

## II. LEGAL STANDARDS

Under 20 C.F.R. § 725.366(b), attorneys' fees awarded must be "reasonably commensurate with the necessary work done" and must take into account several factors, including, "the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested." The party seeking attorneys' fees has the burden of proving that the rate claimed and the hours worked are reasonable. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Successful claimants under the BLBA may also seek compensation for the services of support staff such as law clerks and paralegals. *See* 20 C.F.R. § 725.366(a); 20 C.F.R. § 802.203(d)(2); *see also Missouri v. Jenkins,* 491 U.S. 274, 285 (1989) (noting the "self-evident proposition that the 'reasonable attorney's fee' provided for by statute [under 42 U.S.C. § 1988] should compensate the work of paralegals, as well as that of attorneys"). The rate awarded for such services "shall be based on what is reasonable and customary in the area where the services were rendered for a person of that particular professional status." 20 C.F.R. § 802.203(d)(4). The party seeking fees must justify the hourly rates requested for litigation support staff. *See Role Models Am., Inc. v. Brownlee,* 353 F.3d 962, 969-70 (D.C. Cir. 2004).

## III. ANALYSIS

### A. The Law Regarding Attorneys' Fees

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar

amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar is "'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' which produces a presumptively reasonable fee that may in rare circumstances be adjusted to account for the presence of special circumstances." *Anchondo v. Anderson, Crenshaw & Assoc.*, LLC, 616 F.3d 1098, 1102 (10th Cir. 2010) (quoting *Hensley*, 461 U.S. at 433). The party requesting attorney fees bears the burden of proving the two components used to calculate the fee award: (1) the appropriate hourly rate and (2) the amount of hours spent on the case. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281.

"To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224-25 (10th Cir. 2006)). The party seeking to fees must provide the district court with sufficient information to evaluate prevailing market rates. *See Id.* at 1225. That party must also demonstrate that the rates are similar to rates for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community and for similar work. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255-56 (10th Cir. 1998); *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983) ("The hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation."), *overruled in part on other grounds, Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 725 (1987).

"The determination of a traditional market rate is especially problematic in the context of claims brought under the BLBA" in light of its "general prohibition of fee agreements between counsel and prospective claimants." *E. Associated Coal Corp. v. Dir., Office of Workers' Comp.*

4

*Programs*, 724 F.3d 561, 571-72 (4th Cir. 2013); *see* 33 U.S.C. § 928(e); 20 C.F.R. § 802.203(f); *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010) (observing that "[t]he highly regulated markets governed by fee-shifting statutes are undoubtedly constrained and atypical"). For this reason, in determining the market rate for attorneys' fees in BLBA cases, courts may consider rates deemed reasonable in prior BLBA cases. *See B & G Min., Inc. v. Dir., Office of Workers' Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008) (recognizing that rates from prior BLBA cases can provide inferential evidence of what the market rate is).

The party seeking fees "should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 434. The court may adjust the lodestar figure to reflect various factors, including the degree of success obtained, the significance of the legal issues involved, and the public interest advanced by the litigation. *See Farrar v. Hobby*, 506 U.S. 103, 120-22 (1992). After the lodestar amount is calculated the court or agency adjudicator may adjust that figure based on consideration of other factors. *See Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989). In that regard, the Department of Labor has provided regulatory guidance on considerations relevant to the determination of an award of attorneys' fees in black lung benefits cases. *See generally* 20 C.F.R. §§ 725.366-.367.

Under 20 C.F.R. § 725.366(b), "[a]ny fee approved...shall be reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested." The Court considers the factors set forth in 20 C.F.R. § 725.366(b) in conjunction with the lodestar analysis. To the extent that any of the factors set forth in 20 C.F.R. § 725.366(b) is incorporated

5

into the lodestar analysis, the Court does not consider that factor a second time as such double-counting would distort the proper weight to be accorded those factors. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

### A. The Fee Award Sought by Plaintiff Relative to Defending His Motion for Attorneys' Fees is Reasonable

Plaintiff seeks $962.50 in attorneys' fees for the work performed by his attorneys at the Appalachian Citizens' Law Center in Kentucky on the *Reply in Support of Award of Attorneys' Fees and Costs*. [Doc. 29, p. 5]. This represents 3.5 hours of attorney time at $275 per hour. [*Id.*]. In the initial PFRD, the rate of $275 per hour requested by Evan B. Smith of the Appalachian Citizens' Law Center was found to be reasonable in light of his experience litigating black lungs benefits claims and that analysis is not duplicated here. [Doc. 33, pp. 6-7]. The 3.5 hours of attorney time billed by the Appalachian Citizens' Law Center is reasonable for the work performed in preparing the Reply.

### IV. CONCLUSION

Having reviewed Plaintiff's *Motion for Award of Attorneys' Fees and Costs* [Doc. 26], *Reply in Support of Award of Attorneys' Fees and Costs* [Doc. 29], as well as *Plaintiff's Response to Magistrate Judge's Proposed Findings and Recommendation as to the Amount of Attorneys' Fees and Costs to be Awarded* [Doc. 34], the undersigned recommends that Plaintiff be awarded $962.50 in attorneys' fees for the work performed by his attorneys at the Appalachian Citizens' Law Center on the *Reply in Support of Award of Attorneys' Fees and Costs*. It is further recommended that the fee award be paid together with the previously recommended award of $9,958.38 for the Appalachian Citizens' Law Center, for a total award for the Appalachian Citizens' Law Center of $10,820.88. [Doc. 29, p. 5].

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**